IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKY TOXICOLOGY, LTD., SKY TOXICOLOGY LAB MANAGEMENT, LLC, FRONTIER TOXICOLOGY, LTD., FT LAB MANAGEMENT LLC, HILL COUNTRY TOXICOLOGY, LTD., ECLIPSE TOXICOLOGY, LTD., ECLIPSE LAB MANAGEMENT, LLC, AXIS DIAGNOSTICS, INC., | § § § § § § § § § § § § § § § § § § § § | 5-16-CV-01094-FB-RBF |
| *Plaintiffs*, | | |
| vs. | | |
| UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF TEXAS, INC., UNITEDHEALTHCARE OF FLORIDA, INC., UNITEDHEALTHCARE SERVICES, INC., | | |
| *Defendants*. | | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and alternative request for a more definite statement. Dkt. No. 11. All pretrial matters in this ERISA litigation, which also involves pendent state law claims, have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1 to Appendix C of the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 13.[1] The undersigned has authority to enter this report and recommendation pursuant to 28

---
[1] This case was originally referred to U.S. Magistrate Judge Henry Bemporad but was administratively assigned to the undersigned upon Judge Bemporad's recusal.

1

U.S.C. § 636(b)(1)(B). For the reasons discussed below, the undersigned recommends that Plaintiffs be ordered to file a more definite statement to cure the standing and Rule 8(a) issues discussed herein. Defendants' Motion to Dismiss, Dkt. No. 11, however, should be **GRANTED** with respect to Plaintiffs' claims for breach of fiduciary duty (Count Two) and for denial of full and fair review (Count Three) as these claims are duplicative of Plaintiffs' claims for unpaid benefits and cannot be maintained under binding Fifth Circuit precedent. Plaintiffs' claim for declaratory judgment (Count Seven) should also be dismissed as it is redundant of their substantive claims. United's Motion to Dismiss, Dkt. No. 11, should be **DENIED WITHOUT PREJUDICE** in all other respects.

I. **Factual and Procedural Background**

This case arises out of claims for benefits submitted by five separate independent toxicology labs and their respective three general partners (collectively, the "Labs") to four different UnitedHealthcare Insurance entities (collectively, "United") for toxicology services rendered to United's insureds. United provides healthcare insurance to individuals across the country through plans they administer.[2]

According to the live Complaint, the Labs provided out-of-network urinalysis testing to an unspecified number of patients insured by plans administered by United. *See* Amend. Compl. ¶¶ 19, 38, 40. This urinalysis testing, according to the Labs, was requested "from a variety of providers," such as pain management physicians and those at addiction treatment facilities, who needed to determine, among other things, whether their patients were taking their medication as prescribed and whether they were using any other drugs that could interact with the prescribed drugs. *Id.* ¶¶ 54-57.

---

[2] Some United plans are both administered and fully-funded by United. *See* Amend. Compl. ¶ 33.

As out-of-network providers, the Labs did not have contracts with United for reimbursement at "specified predetermined rates" for medical services provided to United's insureds. *Id.* ¶¶ 37-38. Rather, the Labs set their rates and charged United "using a multiple of the rates set forth in the Medicare Fee Schedule." *Id.* ¶ 39. United's insureds were then held responsible for the difference in cost not paid by United under the "terms of its plans with its members." *Id.* ¶¶ 41, 44.

The Labs bring a number of claims against United under various provisions of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶¶ 1001 *et seq.*, the Texas Insurance Code, and Texas common law. In addition, the Labs seek declaratory judgment that they are entitled to compensation for all services provided to United's insureds (Count Seven) and that United's allegations of fraud are without merit (Count Eight). The "crux of this controversy," according to the Labs, is that United has failed to "properly" pay them "millions of dollars" on "thousands of claims" submitted on behalf of "thousands of United members" for allegedly medically necessary testing "[o]ver the course of several years." *Id.* ¶¶ 28, 67-72.

United, for its part, has asserted counterclaims against the Labs.

## II. Analysis

*The Labs' Request to Strike United's Motion*. As a preliminary matter, the Labs urge the Court to strike United's motion, arguing it is procedurally improper because United filed it after first filing an answer to the Labs' original complaint. This argument lacks merit for two reasons.

First, United's challenge to the Labs' standing goes to the Court's subject matter jurisdiction and can be raised at any time. *See Sommers Drug Stores Co. Employee Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989) ("We have recognized, however, that standing is essential to the exercise of jurisdiction, and that lack of standing can be raised at any

time by a party or by the court."); *see also Mem'l Hermann Health Sys. v. Pennwell Corp. Med. & Vision Plan*, No. CV H-17-2364, 2017 WL 6561165, at *4 (S.D. Tex. Dec. 22, 2017) (recognizing that although prudential standing is typically a merits-type issue, the Fifth Circuit treats prudential standing as a jurisdictional limitation on ERISA claims and therefore, a Rule 12(b)(1) motion is the proper procedural vehicle to raise such a challenge). Further, an untimely motion to dismiss under Rule 12(b)(6) should be considered a motion for judgment on the pleadings, particularly where—as here[3]—the defendant previously included in its answer the defense that is at issue. *See, e.g.*, *Jones v. Lopez*, 262 F. Supp. 2d 701, 706 (W.D. Tex. 2001); *Smith v. Bank of Am. Corp.*, No. A-13-CV-193 LY, 2013 WL 12033215, at *4 (W.D. Tex. May 1, 2013), *report and recommendation adopted*, 2013 WL 12033379 (W.D. Tex. Aug. 5, 2013); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005). It makes no practical difference here whether this is a Rule 12(b)(6) motion or one brought under Rule 12(c). There is no good reason to deny or strike United's motion based on mechanical adherence to this procedural shortcoming. The motion to strike should be denied.

*Standing*. The Labs have not alleged facts sufficient to establish their standing to pursue the claims they assert under ERISA. Absent sufficient allegations to show standing, the Court lacks subject matter jurisdiction to entertain those claims. The Labs should file amended pleadings to address this deficiency.

The standards governing standing are familiar. As an Article III matter, standing "requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). "In addition to this 'constitutional' standing requirement, a

---

[3] *See* Answ. & Counterclaims ¶ 150.

party must also show that it has 'prudential' standing, which 'encompasses the general prohibition on a litigant's raising another person's legal rights[.]'" *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

"By its terms, standing [to obtain benefits] under ERISA is limited to participants and beneficiaries." *Spring E.R., LLC v. Aetna Life Ins. Co.*, No. CIV.A. H-09-2001, 2010 WL 598748, at *2 (S.D. Tex. Feb. 17, 2010); *see also* 29 U.S.C. § 1132(a)(1). The class including those permitted to bring an action for non-benefits under Section 502(a)(3) (*i.e.*, for breach of fiduciary duty) is similarly limited; it includes only one additional category of potential plaintiffs—fiduciaries of plans. *See* 29 U.S.C. § 1132(a)(3). Although the Labs do not claim to be plan fiduciaries, the ERISA standing enquiry does not end here.

"It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim" by virtue of a validly executed assignment. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005); *see also Tex. Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 214-15 (5th Cir. 1997); *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891-92 (5th Cir. 2003); *Spring*, 2010 WL 598748, at *2. "Under this theory, the medical provider stands in the shoes of the ERISA beneficiary to assert its rights under the plan terms, rather than asserting some independent legal duty owed directly to the healthcare provider." *Spring*, 2010 WL

598748, at *2. The Labs premise their ERISA claims (and likely the majority of their non-ERISA claims) on such a theory of derivative standing.

Specifically, the Labs allege they "routinely received an assignment of benefits ("AOB") from individual insureds to whom [they] provide[] services, placing [them] in the shoes of those individuals and entitling [the] Lab[s] to all rights, title and benefits extending from the coverage policies of Defendants' insureds." Compl. ¶ 68. To support this assertion the Labs attach several examples of assignments they "routinely" procure from patients. *See* Ex. A to Amend Compl.

United does not dispute that such an assignment—validly and timely executed by a patient—would serve to validly assign that patient's claims to a party like the Labs in litigation such as this. But the Labs wish to proceed on the basis that because they "routinely" received "similar" assignments from patients, it is axiomatic that all claims for any and all insureds here are supported by fully and properly executed, substantially similar assignments. To adequately allege standing as assignees for all the relevant insureds, however, the Labs must allege that *all* insureds (or at least those on whose behalf they are bringing suit) were required to—and did—execute assignment-of-benefit forms prior to receiving healthcare services. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc*., 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014) (*Innova I*) (finding plaintiffs' standing allegations sufficient where they alleged they required all patients to "execute an assignment of benefits form prior to receiving healthcare services," and that they received an assignment of benefits from the patients); *see also Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co*., No. 3:11-CV-02487-L, 2012 WL 3030376, at *4 (N.D. Tex. Jul. 25, 2012) (finding plaintiff's allegations of standing sufficient where it alleged "Encompass possesses . . . Assignment of Benefits from *each* patient on behalf of whom Encompass asserts claims herein.") (emphasis added); *N. Cypress Med. Ctr. Operating*

6

*Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 301 (S.D. Tex. 2011), *aff'd sub nom.*, 781 F.3d 182 (5th Cir. 2015) (standing allegations sufficient where plaintiff alleged "*[e]ach* participant, in writing, signs his or her rights under his or her health benefits plan to North Cypress" )(emphasis added).

Accordingly, taking the Labs' allegations as true, as the Court must in this facial challenge to jurisdiction, *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981), the Labs have failed to adequately allege standing.

*Rule 8(a) Obligations*. The Labs also have not satisfied Rule 8(a). As the Labs describe this litigation, the "crux of this controversy" is that United failed to "properly" pay the Labs "millions of dollars" on "thousands of claims" submitted on behalf of "thousands of United members" for medically necessary urinalysis testing "[o]ver the course of several years." Amend. Compl. ¶¶ 28, 67-72. The Labs, however, fail to include facts sufficient to put United on notice of the thousands of claims submitted over an unspecified period of years that are the subject of the Labs' claims. The Labs' conclusory allegations fall far short of the pleading requirements.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations' . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put another way, the Labs' Amended Complaint fails to provide the details necessary to allow United to defend against the Labs' sweeping allegations. The "[Labs] do[] not survive the pleading standard in Rule 12(b)(6) by requiring [United] to go on a fact-gathering mission of its own to decipher [the Labs'] claims." *Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Texas*, No. 3:13-CV-2920-L, 2014 WL 4262164, at *3 n.2 (N.D. Tex. Aug. 29, 2014) ("IDD I").

7

Further, because benefits like the ones at issue here are "limited to those specified in the ERISA plan," *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-cv-2205-D, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012) (quotations omitted), district courts in this circuit routinely require a plaintiff raising a benefits claim under ERISA to provide "enough facts about an ERISA plan's provisions to make . . .[the benefits] claim plausible and give the defendant notice as to which provisions it allegedly breached." *See, e.g., Mission Toxicology, L.L.C. v. UnitedHealthcare Ins. Co.*, No. 5:17-CV-1016-DAE, 2018 WL 2222854, at *6 (W.D. Tex. Apr. 20, 2018) (J. Ezra); *Advanced Physicians, S.C. v. Connecticut Gen. Life Ins. Co.*, No. 3:16-CV-2355-G, 2017 WL 4868180, at *6 (N.D. Tex. Oct. 27, 2017); *Paragon*, 2012 WL 5868249, at *2; *Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. CIV.A. 11-806, 2013 WL 5519320, at *1 (E.D. La. Sept. 30, 2013). Although the Fifth Circuit recently explained that "plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of *every* plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)," in that case the plaintiffs still pled several *representative* plan provisions. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 729 (5th Cir. 2018) (emphasis added). They also provided substantial evidence indicating they were unable to obtain all the plan documents even after good-faith efforts to do so. *Id.* Moreover, there were "enough other factual allegations in the complaint to allow a court 'to draw the reasonable inference that the defendant [was] liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 at 678 and *Tombly*, 550 U.S. at 556). These types of factual allegations are wholly lacking from the Labs' Amended Complaint.

The Labs' Complaint rests on scant assertions that the claims were for "covered services" or were "medically necessary." But "Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n. 3. Accordingly, to state a plausible claim, the Labs must explain *how* the plans here defined these key terms (at least on a representative level) and *why* the services at issue in this litigation satisfied these definitions. Moreover, to the extent the claims were underpaid (as opposed to denied), the Labs must explain how payment should have occurred under the specific terms of the relevant plan(s). And, contrary to the Labs' assertions, United's alleged knowledge of the claims or the plan terms cannot cure these pleading defects. *See Mora v. Albertson's, L.L.C.*, No. EP-15-CV-00071-FM, 2015 WL 3447963, at *3 (W.D. Tex. May 28, 2015) ("[F]ederal pleading standards require complaints to be facially sufficient . . . When a complaint contains insufficient facts to state a plausible claim to relief, it is irrelevant whether the parties have knowledge of unstated facts that would cure the defect.").

For all these reasons, the undersigned finds United's objections to the sufficiency of the Labs' Amended Complaint are well-taken; more is required here to satisfy Rule 8(a). *See, e.g.*, *Mission Toxicology*, 2018 WL 2222854, at *6 (plaintiffs failed to state a claim for unpaid benefits where, despite listing all 9,756 claims in a claim schedule, plaintiffs failed to provide information regarding the various plans at issue and which terms within those specific plans United allegedly violated); *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, No. CV H-11-2745, 2017 WL 1710567, at *8 (S.D. Tex. May 3, 2017) ("Each patient's assigned claim is an individual breach of contract. Electrostim must plead enough facts, with enough detailed information, to make these breach-of-contract claims plausible."). The Labs' attempts to invoke their HIPAA obligations to excuse pleading shortcomings fail. Like other litigants, the Labs should employ the usual, appropriate measures to protect confidential information in litigation,

9

including seeking leave to file such information under seal or pursuant to a qualified protective order as may be necessary.

*Claims for Breach of Fiduciary Duty (Count Two) and Denial of Full and Fair Review (Count Three).* Relying on the Supreme Court's opinion in *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), and the Fifth Circuit's subsequent decisions interpreting *Varity*, United contends that the Labs' ERISA claims for breach of fiduciary duty and denial of full and fair review pursuant to § 502(a)(3) (29 U.S.C. § 1132(a)(3)) must be dismissed because they are duplicative of the Labs' claim for unpaid benefits. *See* Mot. at 7-8. The undersigned agrees.

In *Varity*, the Supreme Court observed that § 502(a)(3) serves as a "catchall provision" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy." 516 U.S. at 512. The Court further explained that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 515 (quotations omitted).

Until recently, it was an open question in this circuit whether *Varity* permits plaintiffs to *plead* claims in the alternative for unpaid benefits under § 502(a)(1) and for equitable remedies under § 502(a)(3).[4] A recent ruling in *Gilmour v. Aetna* indicated agreement with the position allowing pleading these kinds of claims in the alternative. No. SA-17-cv-00510-FB (W.D. Tex.

---

[4] *Compare, e.g.*, *Mission Toxicology*, 2018 WL 2222854, at *7 (dismissing plaintiffs' claims for breach of fiduciary duty because "when a plaintiff asserts a claim to recover benefits under § 502(a)(1)(B), it may not simultaneously maintain [a] claim for breach of fiduciary duty under ERISA") (quotations omitted) *with N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011), *aff'd sub nom.*, 781 F.3d 182 (5th Cir. 2015) ("This Court agrees with the more expansive approach taken by many courts, which allows plaintiffs to simultaneously plead claims under several subsections of Section 502(a). This rule allows plaintiffs time to develop their trial strategy and preserve alternative grounds for relief until a later stage in the litigation.") (citations omitted).

Arp. 25, 2018), Dkt. No. 33 ("[T]he Court finds at this early stage the Supreme Court case of *CIGNA Corporation v. Amara*, 563 U.S. 421 (2011), allows plaintiffs to plead their claims for unpaid benefits under 29 U.S.C. § 1132(a)(1), and for equitable remedies under 29 U.S.C. § 1132(a)(3), in the alternative."). But several months after entry of that order, the Fifth Circuit clarified that alternative pleading under § 502(a)(3) is not permissible in circumstances like those presented here, even in light of *Amara* and even if a plaintiff does not ultimately prevail on its § 502(a)(1) claim. *See Innova Hosp. San Antonio*, 892 F.3d at 732-34.

The Labs' claim for breach of fiduciary duty, as stated in Count 2 of its Amended Complaint, is premised on United's alleged improper denial or underpayment of claims in violation of fiduciary duties. Amend. Compl. ¶¶ 82-90. Because the Lab Plaintiffs have an "adequate mechanism for redress under § 1132(a)(1)(B)"—in fact this claim is specifically pled by the Lab Plaintiffs in Count One—the District Court should dismiss the Lab Plaintiffs' claim for breach of fiduciary duty. *See Innova Hosp. San Antonio*, 892 F.3d at 734. The same Fifth Circuit precedent that bars the simultaneous pleading of § 502(a)(1) and a breach of fiduciary duty claim under § 502(a)(3) also compels dismissal of the Labs' claim for denial of full and fair review under § 502(a)(3). *See id.* Although this claim raises factual allegations beyond the mere act of denying a claim for benefits, such as United's alleged failure to make necessary disclosures pursuant to 29 U.S.C. § 1133, the ultimate harm complained of appears to be part and parcel to the claims denial themselves, and the Labs do not argue to the contrary.[5]

---

[5] Because the Labs' claim for failure to provide full and fair review should be dismissed, United's argument that this same claim is not premised on a valid private right of action for compensatory damages, Mot. at 8, need not be addressed at this time.

*Violations of Claim Procedures (Count Four)*. United next takes issue with the Labs' claim for violation of claim procedures as set forth in 29 C.F.R. § 2560.503-1. Here, the Labs fail to state a claim for relief that is plausible on its face.

"Under ERISA, the Secretary of Labor is authorized to create regulations that further the goals of the statute's provisions." *Williams v. Ass'n De Prevoyance Interentreprises*, No. CIV.A. 11-1664, 2012 WL 1752687, at *6 (E.D. La. May 16, 2012) (citing 29 U.S.C. § 1135). "In this capacity, the Secretary requires plans to establish and maintain reasonable claim procedures for appeals from adverse benefit determinations." *Id.* (citing 29 C.F.R. § 2560.503–1(b)). But in asserting a claim for violation of ERISA's claim procedures by way of § 502(a), the Labs fail to provide any facts explaining *which* claim procedure regulations United allegedly violated or *how* United committed this violation. The Labs instead allege, in conclusory fashion, that United "engag[ed] in conduct that rendered its claims procedures and appeals process unfair to subscribers and their assignee(s)." Amend. Compl. § 98. More detail is required. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

Further, although not argued by United, it appears this claim may be duplicative of the Labs' claim for unpaid benefits, as with the Labs' claims for breach of fiduciary duty and denial of full and fair review. Accordingly, while the undersigned recommends granting the Labs an opportunity to replead this claim, given that this issue has not been addressed or briefed by the parties, the undersigned questions whether this claim is viable. *See Innova Hosp. San Antonio*, 892 F.3d at 732-34.

*Declaratory Judgment (Count Seven)*. By way of Count Seven, the Labs seek a declaratory judgment "regarding Plaintiffs' Claim for Affirmative Relief." Amend Compl. at 21. Specifically, the Labs seek a declaratory judgment that (1) United has failed to comply with its own contracts with its insureds; (2) the Labs are entitled to be compensated for services provided to United's insureds; (3) United failed to provide meaningful access to administrative remedies to the Labs and as such are barred from denying those claims; (4) United's practice in denying claims was "unlawful and abusive"; and (5) the Labs "maintain all rights and remedies afforded to them under Texas law." These claims merely duplicate the Labs' substantive claims in Counts One through Six. The Labs fail to offer any reason to hold otherwise. *See* Resp. at 10-11 (explaining why the request for declaratory relief as set forth in *Count Eight*, but not *Count Seven*, is not redundant of their substantive claims). Accordingly, the District Court should exercise its discretion and decline to consider the Labs' request for declaratory relief as set forth in Count Seven.[6]

*Leave to Amend*. For the reasons discussed above, the Labs fail to allege claims with sufficient specificity to survive a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Dismissal, however, is a harsh remedy, and the undersigned recognizes that the Labs have yet to

---

[6] *See, e.g.*, *Madry v. Fina Oil & Chemical Co.*, No. 94–10509, 1994 WL 733494, at *2 (5th Cir. 1994) (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute."); *Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015) ("In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit"); *Merritt Hawkins & Assocs., LLC v. Gresham*, No. 3:13-CV-00312-P, 2014 WL 685557, at *3 (N.D. Tex. Feb. 21, 2014) ("A request for a declaratory judgment need not be permitted if it adds nothing to the suit"); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, No. 4:12-cv-1759, 2012 WL 6569774, at *2 (S.D. Tex. Dec. 17, 2012) ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit.") (citations omitted).

file an amended complaint. Because some of these deficiencies may be cured by amendment, the undersigned recommends that United's alternate motion for more definite statement be granted. *See, e.g.*, *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981) (holding that 28 U.S.C. § 1653, which permits amendments to cure defective allegations of jurisdiction, should be liberally construed); *Cole v. JEBF Holdings, LLC*, No. CIV.A. 14-0298, 2014 WL 6327088, at *3 (E.D. La. Nov. 13, 2014) ("Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint"); *Turner v. Pavlicek*, No. CIV.A. H-10-00749, 2011 WL 4458757, at *16 (S.D. Tex. Sept. 22, 2011) ("parties may rely on Rule 12(e) as a way to enforce the minimum requirements of notice pleading").

### III.   Conclusion

For the reasons discussed above, it is recommended that Defendants' alternate request for more definite statement be **GRANTED**. Plaintiffs should be ordered to file an amended complaint to cure the pleading and jurisdictional deficiencies discussed herein. Defendants' Motion to Dismiss, Dkt. No. 11, should be **GRANTED** with respect to Plaintiffs' claims for breach of fiduciary duty (Count Two), for denial of full and fair review (Count Three), and for declaratory judgment (Count Seven), and **DENIED WITHOUT PREJUDICE** in all other respects.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 4th day of September, 2018.

    _____
    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE