# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

**SKY TOXICOLOGY, LTD., SKY
TOXICOLOGY LAB MANAGEMENT, LLC,
FRONTIER TOXICOLOGY, LTD., FT LAB
MANAGEMENT, LLC, HILL COUNTRY
TOXICOLOGY, LTD., ECLIPSE
TOXICOLOGY, LTD., ECLIPSE LAB
MANAGEMENT, LLC, AND
AXIS DIAGNOSTICS, INC.**

       **Plaintiffs, Counterclaim-Defendants,**

**vs.**                                                        **Case No. 5:16-cv-1094**

**UNITEDHEALTHCARE INSURANCE
COMPANY, UNITEDHEALTHCARE OF
TEXAS, INC., UNITEDHEALTHCARE OF
FLORIDA, INC., AND
UNITEDHEALTHCARE SERVICES, INC.,**

       **Defendants, Counterclaim-Plaintiffs.**

---

## PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COMES NOW, Plaintiffs Sky Toxicology, Ltd., Sky Toxicology Lab Management, LLC,

Frontier Toxicology, Ltd., FT Lab Management, LLC, Hill Country Toxicology, Ltd., Eclipse

Toxicology, Ltd., Eclipse Lab Management, LLC, and Axis Diagnostics, Inc. ("Plaintiffs" or

"Labs") and files their Objections to Report and Recommendation of United States Magistrate

Judge,[1] showing the Court as follows:

### INTRODUCTION

This lawsuit concerns the failure of Defendants United Healthcare Insurance Company,

Inc., United Healthcare of Texas, Inc., United Healthcare of Florida, Inc., and United Healthcare

Services, Inc., (collectively "Defendants" or "United") to reimburse the Labs for medically

---

[1] To clarify, although both ECF No. 44 and ECF No. 45 are entitled "Report and

necessary services provided to United's members. Plaintiffs' Amended Complaint, filed on September 8, 2017 [ECF No. 9] (hereinafter "Complaint"), sets forth the pertinent facts of this case relating to United's failure to reimburse Plaintiffs. In an ill-founded attempt to justify its failure to pay, United set forth counterclaims to Plaintiffs' original complaint, alleging that somehow, although Plaintiffs provided uncompensated services to United's members, it is Plaintiffs that are at fault and owe damages [ECF No. 6] (hereinafter "Counterclaims").

United is an ERISA fiduciary administering plans and claims on behalf of self-funded plans and plans it fully insures. Complaint at ¶¶ 30-34. United, in its capacity as an ERISA fiduciary, decided to not reimburse claims submitted by the Labs for services provided and covered by terms of ERISA plans. United cannot wrong Plaintiffs in this way. Because of United's role as an ERISA fiduciary and the Counterclaims' reliance on ERISA plans, United's state-law claims are subject to ERISA preemption and should be dismissed. Moreover, while United's allegations with respect to fraud and negligent misrepresentation may appear lengthy, such claims are lacking key details required to meet the heightened pleadings standard set forth in F.R.C.P. 9(b). Thus, these claims should also be dismissed.

## OBJECTIONS

The court must review de novo the Report and Recommendation of United States Magistrate Judge (the "Report") where it is properly objected to by Plaintiffs, pursuant to F.R.C.P. 72(b)(3). "Such a review means that the Court will examine the entire record, and will make an independent assessment of the law." *Rupert v. Johnson*, 83 F. Supp. 2d 801, 802 (W.D. Tex. 1998). For the objections that follow, this Court should grant the relief requested in Plaintiffs' Motion to Dismiss Counterclaims [ECF No. 8] ("Motion to Dismiss").

I.      **The Relationship Between the ERISA Plans and Defendants' Counterclaims Necessitates Preemption.**

A state-law claim is conflict preempted insofar as it relates to an employee benefit plan, meaning if it has a "connection with or reference to the plan." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. Tex. 1994) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). The Fifth Circuit has consistently held that conflict preemption can be demonstrated by satisfaction of a two-prong test: "(1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995). Preemption will apply even if the state law claims are not specifically designed to affect the ERISA plans or the plans are affected only indirectly. *Hook*, 38 F.3d at 781 (citing *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 525 (1980)). This is not to say that ERISA conflict preemption is without its limitations; conflict preemption does not apply when there is a tenuous or remote connection. *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004). However, where the purpose of the proceedings it to attack a party's obligations under the terms of an ERISA plan, as was the case in *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, the state-law claims cannot survive ERISA conflict preemption. *Id.*

Here, Defendants' attempts to couch their claims as independent from the terms of the ERISA plans are insufficient to avoid preemption. There can be no doubt that the claims are in fact based on ERISA plans. Indeed, the decision to reimburse or not reimburse a claim based on the medical necessity of services provided is based, at least in part, on the definition of medical

necessity in the plan terms. Preemption is warranted because the parties dispute whether United's interpretation of the plans and what money was owed to the Labs pursuant to those plans was correct or incorrect. Indeed, the essence of each claim, except for tortious interference which is based on contracts independent of the ERISA plans, is bound up with the interpretation and administration of the ERISA plans, which suggests a finding of preemption is proper. *Nixon v. Vaughn*, 904 F. Supp. 2d 553, 561 (W.D. La. 2012). The determination of whether services were medically necessary, and therefore should have been reimbursed, cannot be resolved without a review of the definition of medically necessary in the plan terms. Thus, Defendants' causes of action are bound up in the terms of ERISA plans, satisfying prong one of the Fifth Circuit two-part test. This nexus is sufficient for the Court to find preemption and dismiss Defendants' state-law claims.

This nexus also meets the second prong of the Fifth Circuit conflict preemption test regarding traditional ERISA entities. Importantly, the Labs need not be traditional ERISA entities for this prong to be satisfied. The administration and interpretation of the ERISA plans directly affects the relationship between the plans and United's members as plan beneficiaries. *Mayeaux*, 376 F.3d at 433. Both the plans and beneficiaries are traditional ERISA entities, and thus the second prong of the conflict preemption test is also satisfied. Additionally, as discussed below, United is acting as an ERISA fiduciary with respect to all its claims further implicating conflict preemption. The adjudication of these claims affects the relationship between traditional ERISA entities. Accordingly, the Court should find that conflict preemption applies.

## II.     United Cannot Bring State-law Causes of Action While it Alleges it is an ERISA Fiduciary.

United attempts to couch its state-law claims for relief as distinct from requiring the

administration and interpretation of ERISA plans. At all times material to this matter, United is acting as an ERISA fiduciary, and the allegations set forth in the Counterclaims relate to the relationship between traditional ERISA entities (as discussed above). United consistently discusses allegations of fraud and misrepresentations relating to claims submissions without differentiating whether it is acting as a fiduciary or non-fiduciary, or whether the alleged fraud and/or misrepresentations relate to ERISA claims. *See, e.g.,* Counterclaims at ¶¶ 128, 130, 132, 134-35, 137-47, 150, 210, 214, 217, 232, 252.   United cannot present itself as a fiduciary on one hand and a non-fiduciary on the other simply to invoke fiduciary status when beneficial to its claims. *Pegram v.  Herdrich*, 530 U.S. 211, 225 (2000); *see United Healthcare Insurance Company et al. v. Sky Toxicology, Ltd., et al*. (Case No. 9:16-CV-80649); *see also Cotton v. Massachusetts Mutual Life Insurance Company*, 402 F.3d 1267 (11th Cir. 2005).

It is suggested in the Report that the damages United seeks to recover for violations of Texas common law and statutory duties are independent of the damages sought under United's ERISA claims and therefore United is not wearing both its fiduciary and non-fiduciary hat at once. However, all the claims rest on facts that show United is acting in a fiduciary capacity. The Supreme Court in *Pegram v. Herdrich* ruled that an ERISA fiduciary may not act as both a fiduciary and non-fiduciary at the same time. *Pegram*, 530 U.S. at 225 ("ERISA does require, however, that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat when making fiduciary decisions."). The Supreme Court noted that "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Id.* at 226. Thus, the relevant question is whether the party was acting as a fiduciary in the facts that support the

alleged claim. Here, United relies on the same set of facts but attempts to distinguish itself as a non-fiduciary when it is beneficial to its pleading.[2] While the underlying relief sought may be different, the fact that United is acting as an ERISA fiduciary with respect to the facts underlying all of its claims precludes it from acting as a non-fiduciary. Thus, United fails to properly allege standing and this Court should find that Plaintiffs' state-law claims are subject to conflict preemption.

### III.   Defendants' Counterclaims Regarding Fraud and Negligent Misrepresentation Fail to Meet the Pleading Standard of F.R.C.P. 9(b).

To meet the requirements of Federal Rule of Civil Procedure 9(b), United must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal citations and quotation marks omitted). This heightened pleading standard is to be interpreted strictly, and requires that, at a minimum, Defendants allege "the who, what, when, where, and how of the alleged fraud . . . ." *BC's Heating & Air and Sheet Metal Works v. Vermeer Mfg. Co.*, 2012 WL 1067100 at *2 (S.D. Miss. 2012) (internal citations and quotation marks omitted); *see Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). While the Counterclaims' allegations of fraud and negligent misrepresentation may satisfy a less stringent pleading standard, they do not satisfy F.R.C.P. 9(b). Specifically, Defendants do not allege with respect to each Defendant who actually made the alleged fraudulent representations or how it can be determined such representations are, in fact, fraudulent. Instead, the Counterclaims include detailed technical claims information with little else. Thus, a close analysis shows that Plaintiffs' averments do not identify the speaker or

---

[2] *See* Counterclaims at ¶¶ 404-05; 417-18.

evidence the actual fraud well enough to satisfy F.R.C.P. 9(b).

**CONCLUSION**

For the foregoing reasons, Plaintiffs ask the Court take into account these Objections and grant Plaintiffs the relief requested in their Motion to Dismiss.

This the 18th day of September, 2018.

Respectfully submitted,

HORNBERGER FULLER & GARZA
INCORPORATED
7373 Broadway, Suite 300
San Antonio, Texas 78209

By:  /s/ David W. Navarro____
        David W. Navarro
        State Bar No. 24027683
        dnavarro@hfgtx.com
        David Jed Williams
        State Bar No. 21518060
        jwilliams@hfgtx.com
        Cassie Garza Matheson
        State Bar No. 24074258
        cmatheson@hfgtx.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not allowed to receive electronically Notices of Electronic Filing.

_____**/s/ David W. Navarro**_____
David W. Navarro

Stephen W. Mooney
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Facsimile:  (404) 875-9433

Andrew G. Jubinsky
Raymond E. Walker
FIGARI & DAVENPORT
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS