UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

SKY TOXICOLOGY, LTD., SKY
TOXICOLOGY LAB MANAGEMENT, LLC,
FRONTIER TOXICOLOGY, LTD., FT LAB
MANAGEMENT, LLC, HILL COUNTRY
TOXICOLOGY, LTD., ECLIPSE
TOXICOLOGY, LTD., ECLIPSE LAB
MANAGEMENT, LLC, AND
AXIS DIAGNOSTICS, INC.

     **Plaintiffs, Counterclaim-Defendants,**

vs.                                                 Case No. 5:16-cv-1094

UNITEDHEALTHCARE INSURANCE
COMPANY, UNITEDHEALTHCARE OF
TEXAS, INC., UNITEDHEALTHCARE OF
FLORIDA, INC., AND
UNITEDHEALTHCARE SERVICES, INC.,

     **Defendants, Counterclaim-Plaintiffs**

## PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COMES NOW, Plaintiffs Sky Toxicology, Ltd., Sky Toxicology Lab Management, LLC, Frontier Toxicology, Ltd., FT Lab Management, LLC, Hill Country Toxicology, Ltd., Eclipse Toxicology, Ltd., Eclipse Lab Management, LLC, and Axis Diagnostics, Inc. ("Plaintiffs" or "Labs") and files their Objections to Report and Recommendation of United States Magistrate Judge,[1] showing the Court as follows:

### INTRODUCTION

Plaintiffs' Amended Complaint, filed on September 8, 2017 [ECF No. 9] (hereinafter

---

[1] To clarify, although both ECF No. 44 and ECF No. 45 are entitled "Report and Recommendation of United States Magistrate Judge," the instant Objections are in response to ECF No. 45.

1

"Complaint"), sets forth the relevant facts of this case: Defendants United Healthcare Insurance Company, Inc., United Healthcare of Texas, Inc., United Healthcare of Florida, Inc., and United Healthcare Services, Inc., (collectively "Defendants" or "United") failed to reimburse Plaintiffs for laboratory services justifiably provided to United's members. For this failure, Plaintiffs brought the instant matter before this Court.

The majority of the plans at issue are governed by the Employee Retirement Income Security Act of 1974 (ERISA). Complaint at ¶ 25. Thus, Plaintiffs bring several ERISA causes of action in the Complaint: Count 1) claim for ERISA benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); Count 2) claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3); Count 3) claim for United's failure to provide a full and fair review pursuant to 29 U.S.C. § 1133; Count 4) claim for United's violation of claims procedure under ERISA; Count 7) claim for declaratory judgment pursuant to 28 U.S.C. §2201 et seq.; and Count 8) claim for declaratory judgment pursuant to 29 U.S.C. § 1132(a)(3). Defendants filed a Motion to Dismiss the Complaint [ECF No. 11] ("Motion to Dismiss"), and thereafter Magistrate Judge Richard B. Ferrer submitted the Report and Recommendation of United States Magistrate Judge (the "Report"), recommending that Plaintiffs' claims for breach of fiduciary duty, denial of full and fair review, and claim for declaratory judgment be dismissed. For the reasons that follow, Plaintiffs object to the Report and ask that the Motion to Dismiss be denied. Alternatively, to the extent the Court finds any of Defendants' arguments in the Motion to Dismiss convincing, Plaintiffs request that the Court grant Plaintiffs leave to amend the Complaint, as suggested by Magistrate Judge Ferrer in the Report.

## OBJECTIONS

The court must review de novo the Report and Recommendation of United States

Magistrate Judge (the "Report") where it is properly objected to by Plaintiffs, pursuant to F.R.C.P. 72(b)(3). "Such a review means that the Court will examine the entire record, and will make an independent assessment of the law." *Rupert v. Johnson*, 83 F. Supp. 2d 801, 802 (W.D. Tex. 1998). For the objections that follow, this Court should allow Plaintiffs' ERISA claims for benefits,[2] full and fair review, violation of claims procedure, and declaratory relief to survive the Motion to Dismiss.

### I.     The Labs Adequately Allege ERISA Standing in the Amended Complaint.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). F.R.C.P. 8 sets forth the requirements of a claim for relief, and these requirements are met where the pleading "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS 87567, at *3 (W.D. Tex. July 24, 2011) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Courts in the Fifth Circuit have elaborated on the standards set forth in F.R.C.P. 8(a) as they relate to claims for benefits under ERISA 29 U.S.C. § 1132(a)(1)(B). For instance, in the case, *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, No. 3:12-cv-1607, 2014 WL 10212850, at *4 (N.D. Tex. July 21, 2014), the court stated that "[a] plaintiff must plead sufficient facts about the plan's provisions to make a claim for benefits under Section 1132(a)(1)(B) plausible . . . ." (citing *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 969 (E.D. Tex. 2011)). Of course, it is axiomatic that a healthcare provider can sue

---

[2] The Report does not explicitly suggest Plaintiffs' claim for benefits under 29 U.S.C. § 1132(a)(1) should be dismissed; however, Plaintiffs wish to emphasize their position that the claim does not need to be re-pled in its current form. To the extent the Court disagrees, Plaintiffs request the opportunity to re-plead this claim.

derivatively to enforce ERISA plan terms where the provider has received an assignment of benefits. *See Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893 (5th Cir. 2003). Moreover, the pleading standard to survive a motion to dismiss for an ERISA benefits claim is less burdensome when the plans are not readily accessible. *See e.g., Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 728 (5th Cir. 2018).

Here, Plaintiffs have established standing because they have alleged that they have received assignments of benefits and because they have asserted substantial details regarding the claims United has failed to pay. The allegations in the Complaint regarding the assignments of benefits are sufficient to survive the Motion to Dismiss. In *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, the Southern District of Texas found that North Cyprus adequately demonstrated standing by alleging "that it has acquired standing to sue for both ERISA and non-ERISA claims as its patients' beneficiary by routinely obtaining assignments of patients' benefits and rights." *Id.* North Cypress also alleged that each member had assigned benefits to it. *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 301 (S.D. Tex. 2011) (*aff'd sub nom. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015)). Here, similarly, Plaintiffs also alleged that they routinely receive an assignment of benefits from United's insureds. Complaint at ¶ 68. While the Complaint does not explicitly allege that all United's members signed assignments, this should not warrant a finding that Plaintiffs lack standing. Plaintiffs consistently allude to the assignment of benefits received from United insureds. Complaint at ¶¶ 17, 45, 68, 72, 76, 79-81, 83, 85, 89, 92, 97, 106. Moreover, allowing such a claim to continue is in accordance with case law. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 2014 U.S. Dist. LEXIS 184550, *15 (N.D. Tex. 2014) (stating "a plaintiff need not marshal all of its evidence in support of each of its factual

allegations"). Thus, the assignments of benefits alleged should be sufficient to convey standing.[3]

Moreover, in addition to the assignments of benefits being sufficient, Plaintiffs have provided adequate notice pursuant to F.R.C.P. 8(a) of the claims at issue in this case. In deciding a motion to dismiss, courts must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna,* 726 F.3d 631, 637-38 (5th Cir. 2013). Here, Plaintiffs have provided examples of the ERISA plan terms at issue, such as the medical necessary services provisions and covered benefits provisions. Complaint at ¶¶ 67, 78, 87. Plaintiffs also reference the in-network versus out-of-network distinction that is governed by the terms of United's members' plans. Complaint at ¶¶ 38, 40, 41. These citations give Defendants enough facts to put them on notice as to which specific ERISA plan terms were breached and satisfies the requisite standard at this stage of the litigation. *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205-D, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012). Moreover, Plaintiffs support their allegations that reimbursements should have been made pursuant to these plan terms because the services provided were determined to be medically necessary by medical providers. Complaint at ¶ 59. Finally, to the extent Plaintiffs have limited access to each plan at issue, this does not warrant a finding of dismissal. *See Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 728 *(*stating that "ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provisions"). Taking these considerations together, Plaintiffs' allegations are sufficient to convey standing and survive a motion to dismiss.

---

[3] Plaintiffs note that to cure the alleged deficiency with respect to ERISA standing, the Report suggests that the "Labs file amended pleadings to address this deficiency," not that all ERISA claims be dismissed. Thus, if the Court sides with the Report's view regarding deficiently pled assignments, Plaintiffs can cure any alleged deficiencies with an amended pleading.

## II. Plaintiffs' Claims for Failure to Provide Full and Fair Fiduciary Review and Violation of Claims Procedure Are Not Duplicative of Plaintiffs' Claim for Benefits.

Plaintiffs' claims for United's failure to provide full and fair fiduciary review and violation of claims procedure should not be dismissed because they are distinct from Plaintiffs' claim for ERISA benefits. As pointed out in the Report, ERISA § 502(a)(3) is intended to be a catchall provision that allows equitable relief where the rest of Section 502(a)(3) cannot provide an adequate remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). In the context of breach of fiduciary duty, the Report points to case law that states a cause of action is not available under ERISA § 502(a)(3) where a claim for benefits is available under ERISA § 502(a)(1). *See, e.g.*, *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018). Relief pursuant to ERISA § 502(a)(1) is not duplicative of relief available pursuant to ERISA § 502(a)(3). For instance, here, on the one hand, Plaintiffs are seeking reimbursements for services provided to United's members that have not been paid for. On the other hand, Plaintiffs are seeking damages for United's failure to abide by its appeals procedure. The failure to abide by United's appeals procedure is distinct from the denial of benefits made pursuant to the plan terms for covered services and/or medical necessity. Plaintiffs therefore request that the Court allow Plaintiffs' claims for failure to provide full and fair review and violation of claims procedure to survive, so that Plaintiffs may obtain redress for United's failure to properly adhere to its appeals procedures.

## III. Plaintiffs' Claim for Declaratory Relief Should Not Be Dismissed Because It Is Not Duplicative of Counts One through Six.

Count Seven of the Complaint, requesting a declaratory judgment and order, is distinct

from the Complaint's previous causes of action because it does not seek monetary relief; rather, it seeks an order and judgment with specific averments. While the requested declaratory judgment relates to other causes of action, this distinction in relief sought, and the specific judgment requested, evidence that this claim is not duplicative of another claim and therefore should not be dismissed. 28 U.S.C. § 2201 et seq. allows the Court discretion to afford declaratory relief depending on the particular circumstances of the case. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *Poly-Am., L.P. v. Stego Indus., L.L.C.*, 694 F. Supp. 2d 600, 609 (N.D. Tex. 2010) (citations and internal quotation marks omitted).

There is little doubt in the matter at hand that an actual controversy exists, and there is no unusual circumstance warranting dismissal of Plaintiffs' request for declaratory judgment. Thus, this claim should not be dismissed. The Report cites case law that states a cause of action for declaratory relief can be dismissed where it is duplicative of the other claims. *See, e.g., Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015). These cases, however, are inapplicable to Plaintiffs' claim for declaratory judgment which seeks relief outside the scope of the other causes of action. In addition to seeking declaratory relief distinct from monetary damages, Plaintiffs seek an order and judgment stating, among other things that Defendants have failed to provide meaningful access to administrative remedies to Plaintiffs, and as such, are barred from denying those claims submitted to Defendants by Plaintiffs, and that Defendants' practice of denying claims and refusing to acknowledge Plaintiffs submission of requested medical records is an unlawful and

abusive practice designed to thwart Plaintiffs' attempts to comply with Defendants' claims and appeals processes. *See* Complaint at ¶ 115. These requests regarding Defendants' practices of denying administrative remedies and refusing to properly administer the applicable appeals processes will not be decided by Plaintiffs' other causes of action.[4] Thus, it cannot be said that this cause of action is merely duplicative of the relief sought in Plaintiffs' other causes of action. Plaintiffs therefore request that, particularly at this early stage in the litigation, the Court allow this claim to continue.

## CONCLUSION

For the foregoing reasons, Plaintiffs object to the Report and ask that the Court deny Defendants' Motion to Dismiss. Alternatively, Plaintiffs request that the Court grant Plaintiffs leave to amend so that Plaintiffs may cure any alleged deficiencies in the Complaint.

Date: September 18, 2018.                  Respectfully submitted,

>                                          HORNBERGER FULLER & GARZA
>                                          INCORPORATED
>                                          7373 Broadway, Suite 300
>                                          San Antonio, Texas 78209
>
>                                          By:  /s/ David W. Navarro____
>                                               David W. Navarro
>                                               State Bar No. 24027683
>                                               dnavarro@hfgtx.com
>                                               David Jed Williams
>                                               State Bar No. 21518060
>                                               jwilliams@hfgtx.com
>                                               Cassie Garza Matheson
>                                               State Bar No. 24074258
>                                               cmatheson@hfgtx.com
>
>                                          ATTORNEYS FOR PLAINTIFFS

---

[4] This is particularly true if the Court sides with the Report and dismisses Plaintiffs' causes of action for United's failure to provide a full and fair review pursuant to 29 U.S.C. § 1133 and for United's violation of claims procedure under ERISA.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not allowed to receive electronically Notices of Electronic Filing.

                **/s/ David W. Navarro**
                David W. Navarro

Stephen W. Mooney
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Facsimile:  (404) 875-9433

Andrew G. Jubinsky
Raymond E. Walker
FIGARI & DAVENPORT
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS