IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKY TOXICOLOGY, LTD., SKY TOXICOLOGY LAB MANAGEMENT, LLC, FRONTIER TOXICOLOGY, LTD., FT LAB MANAGEMENT, LLC, HILL COUNTRY TOXICOLOGY, LTD., ECLIPSE TOXICOLOGY, LTD., ECLIPSE TOXICOLOGY LAB MANAGEMENT, LLC, AND AXIS DIAGNOSTICS, INC., | § § § § § § § § § | |
| Plaintiffs, Counterclaim-Defendants, | § § | |
| v. | § § | Civil Action No. 5:16-cv-1094 |
| UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF FLORIDA, INC., UNITEDHEALTHCARE OF TEXAS, INC., AND UNITEDHEALTHCARE SERVICES, INC., | § § § § § § | |
| Defendants, Counterclaim-Plaintiffs. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

Stephen W. Mooney
smooney@wwhgd.com
Texas Bar No. 14319100
3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433

and

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Raymond E. Walker
Texas Bar No. 24037663
ray.walker@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     ANALYSIS...........................................................................................................2

        A.      Standard ...............................................................................................2

        B.      Labs Must Replead to Establish Standing ..............................................3

        C.      Labs Fail to Allege Even the Most Basic Information Regarding Their Claims.....4

                1.      Labs Fail to specifically object to one of Judge Farrer's grounds for
                        ordering them to replead, namely to identify the subject claims
                        in dispute..................................................................................................4

                2.      Labs Fail to satisfy Rule 8 because they do not allege basic information
                        necessary to identify the "thousands" of claims in dispute..........................5

                3.      Labs must identify the plan terms Untied allegedly breached...................6

        D.      Counts Two, Three, and Four Must be Dismissed..................................7

                1.      No objection: Dismiss the breach of fiduciary duty claim under
                        §1132(a)(3) ..............................................................................................7

                2.      The full and fair review claim, actionable if at all only under
                        § 1132(a)(3), must be dismissed for the same reasons as the breach of
                        fiduciary duty claim ................................................................................8

                3.      Labs do not object to being ordered to replead Count Four,
                        which should be dismissed in any event for the same reasons
                        as Counts Two and Three ........................................................................9

        E.      THE DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE AND
                MUST BE DISMISSED ........................................................................10

III.    CONCLUSION & REQUESTED RELIEF ..................................................10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                 **Page(s)**

*Battle v. United States Parole Commission*,
    834 F.2d 419, 421 (5th Cir. 1987) ...................................................................................2

*Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corp*s.,
    215 F.3d 475 (5th Cir. 2000) .......................................................................................10

*Crowell v. Shell Oil Co*.,
    541 F.3d 295 (5th Cir. 2008) .......................................................................................10

*Drzala v. Horizon Blue Cross Blue Shield*,
    No. 15-8392, 2016 WL 2932545 .................................................................................9

*Electrostim Med. Servs., Inc. v. Health Care Serv. Corp*.,
    No. CV H-11-2745, 2017 WL 1710567 (S.D. Tex. May 3, 2017) ............................3

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co*.,
    No. 3:11-CV-02487-L, 2012 WL 3030376 (N.D. Tex. July 25, 2012) ............................3, 4, 6

*Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Texas*,
    No. 3:13-CV-2920-L, 2015 WL 4992964 (N.D. Tex. Aug. 21, 2015)....................6

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia,*
    *Inc*.,
    892 F.3d 719 (5th Cir. 2018) ................................................................................6, 8, 9

*Johnson v. Sw. Research Inst*.,
    210 F. Supp. 3d 863 (W.D. Tex. 2016) (Biery, J.) .............................................2, 5

*Pinela-Navarro v. BAC Home Loans Servicing LP*,
    No. EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011) ............10

*Regus Mgmt. Group, LLC v. Int'l Bus. Machine Corp*.,
    No. 3:07-cv-1799-B, 2008 WL 2434245 (N.D. Tex. June 17, 2008)....................10

*Texas Gen. Hosp., LP v. United Healthcare Servs., Inc*.,
    No. 3:15-CV-02096-M, 2016 WL 3541828 (N.D. Tex. June 28, 2016) ..............4, 6

*Tolson v. Avondale Indus., Inc*.,
    141 F.3d 604 (5th Cir. 1998) .......................................................................................8

**Statutes**

29 U.S.C. § 1132.................................................................................................... *passim*

29 U.S.C. § 1133.........................................................................................................8, 9

**Other Authorities**

29 C.F.R. § 2560.503-1.................................................................................................9

Fed. R. Civ. P. 8.............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(1) ...............................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................................1

Fed. R. Civ. P. 12(e) ...................................................................................................1

Fed. R. Civ. P. 72(b) ............................................................................................1, 5

Pursuant to Rule 72(b), United[1] files this response to Labs' objection to Magistrate Judge Farrer's Report and Recommendation [ECF No. 45, "R&R"] on United's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") and for More Definite Statement, and states:

## I. INTRODUCTION

This dispute arises from Labs' massive illegal kickback scheme in connection with claims for benefits. Through the scheme, Labs paid physicians for unnecessary lab-test orders for members of United health plans. Labs then submitted claims to United for payment of benefits under those plans, kicking back to the ordering physician part of any payment obtained. Labs fleeced United for $56 million through the scheme. Some of the physicians who engaged in the practice with Labs are already in prison for their role in the fraud.

Labs are out-of-network, meaning they have no contract with United. They claim derivative standing to sue for benefits by virtue of purported assignments from United's plan members. United moved to dismiss the FAC under Rules 12(b)(1) and 12(b)(6) and, alternatively, for a more definite statement under Rule 12(e). After submission of a full set of briefing, Judge Farrer issued the R&R with, as pertains here, three main recommendations.

First, Labs do not allege that they have valid, signed assignments from each patient for all of the underlying claims for benefits. Judge Farrer therefore properly concluded that Labs' standing allegations were insufficient and recommended that they be ordered to replead to cure the deficiencies. Notably, in their response to the R&R, Labs insist they can do so.

Second, Labs do not identify a single health plan, patient, date of service, or claim for benefits in the FAC, let alone the terms of any plan at issue, or how United allegedly violated

---

[1] Terms defined in the underlying briefing and the Report and Recommendation are used with the same meaning herein. All emphases are supplied by counsel unless otherwise noted.

any specific plan. Judge Farrer concluded these omissions ran afoul of Rule 8 for two reasons. By failing to identify the "thousands of claims" that they allegedly submitted over an unspecified time period, Labs did not include "facts sufficient to put United on notice of the thousands of claims submitted over an unspecified period of years that are the subject of Labs' claims." [R&R at 7.] In addition, Labs failed to include allegations setting forth the terms of the underlying plans and how United allegedly violated those terms. [*Id*. at 8-9.] Accordingly, he recommended that the Labs be required to submit amended pleadings that comply with Rule 8.

Third, Judge Farrer concluded that three of the Labs' causes of action should be dismissed as legally infirm, including Labs' claims for breach of fiduciary duty under ERISA (Count Two), full and fair review under ERISA (Count Three), and a duplicative claim for declaratory judgment (Count Seven). He also observed that Count Four may not be viable.

Labs' objections simply rehash their original opposition to United's motion. They do not specify how or why Magistrate Judge Farrer's analysis in the R&R is incorrect. As set forth in the briefing, the R&R, and below, the Court should overrule Labs' objections, adopt the R&R, dismiss Counts Two, Three, Four, and Seven without leave to replead, and order Labs to amend their complaint to establish standing and to replead their other claims in compliance with Rule 8.

## II. <u>ANALYSIS</u>

### A.   <u>STANDARD</u>

When reviewing objections to an R&R, the Court examines the entire record and making an "independent assessment of the law." *Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016) (Biery, J.). "The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature." *Id.* (citing *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987)).

B.    <u>Labs Must Replead to Establish Standing</u>

Healthcare providers lack independent standing to pursue claims under ERISA. [R&R at 5 (citing authorities)]. Nor do they dispute that a valid assignment of benefits from a patient may provide a medical provider with derivative standing to pursue a benefits claim. [*Id.*] Labs simply disagree with Magistrate Judge Farrer's conclusion that they have not alleged they have signed assignments necessary to assert standing in connection with "thousands of claims" for "thousands of United members." [*See id.* at 7.] But Labs' argument is unavailing.

Labs have never identified any of the plan members from whom they obtained an assignment, let alone the underlying claims for benefits at issue. Moreover, although Labs argue the FAC "alludes" to assignments in several places, they concede the FAC "does not explicitly allege that all United's members signed assignments." [ECF No. 47 at 4.]

These omissions are inconsistent with the requirement that a provider have an assignment to establish standing for each patient's claim it is pursuing. *See Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2012 WL 3030376, at *4 (N.D. Tex. July 25, 2012) (provider's complaint that it "possesses…Assignments of Benefits from **each** patient on behalf of whom Encompass asserts claims herein" was sufficient to survive facial challenge to standing); *see also Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, No. CV H-11-2745, 2017 WL 1710567, at *8 (S.D. Tex. May 3, 2017) (cautioning a provider: "In the amended complaint that Electrostim may seek leave to file, <u>it must make plausible allegations about **who**</u> <u>assigned rights under **what** insurance policy</u>…[and] <u>it must *identify the persons from whom it*</u> <u>*received assignments*</u>."). Labs offer no authority that anything less establishes standing.

In addition, the exemplar assignments attached to the FAC obscure *who* purportedly gave the assignment to Labs and the date each form was in use. The type of assignment Labs obtained

is important because an assignment of benefits alone is insufficient to convey standing to assert non-benefits claims, such as breach of fiduciary duty. *Texas Gen. Hosp., LP v. United Healthcare Servs., Inc.*, No. 3:15-CV-02096-M, 2016 WL 3541828, at *8 (N.D. Tex. June 28, 2016); *see also Encompass*, 2012 WL 3030376, at*6 (non-benefits claims were not within the scope of the assignments). In order to show they meet the additional requirements to assert ERISA non-benefits claims on behalf of the patients, they must therefore clearly articulate, for each claim at issue, the person from whom they received an assignment and what form of assignment they obtained.

The Labs fail to offer any explanation or argument for why they should not have to satisfy threshold pleading standards to properly establish standing.  In fact, the Labs fail to identify (much less explain) any defect in Judge Farrer's analysis whatsoever. Accordingly, the Court should adopt the R&R and order Labs to replead, especially since they indicate in their objections to the R&R that they "can cure any alleged deficiencies with an amended pleading." [ECF No. 47 at 5 n. 3.]

## C.     LABS FAIL TO ALLEGE EVEN THE MOST BASIC INFORMATION REGARDING THEIR CLAIMS

### 1.     Labs fail to specifically object to one of Judge Farrer's grounds for ordering them to replead, namely to identify the subject claims in dispute.

Labs do not specifically object to the following recommendation in the R&R:

> The Labs also have not satisfied Rule 8(a). As the Labs describe this litigation, the "crux of this controversy" is that United failed to "properly" pay the Labs "millions of dollars" on "thousands of claims" submitted on behalf of "thousands of United's members" for medically necessary urinalysis testing "[o]ver the course of several years."….The Labs, however, fail to include facts sufficient to put United on notice of the thousands of claims submitted over an unspecified time period of years that are the subject of the Labs' claims. The Labs' conclusory allegations fall far short of the pleading requirements.

[R&R at 7.]  Because Labs did not specifically object to this analysis and recommendation, the Court need not further review it, should adopt it, and should order Labs to replead, specifically to identify the "thousands of claims" in dispute. *Johnson,* 210 F. Supp. 3d at 864 (no need to review general objections); Fed. R. Civ. P. 72(b)(2) (requiring "**specific** written objections").

### 2.     Labs fail to satisfy Rule 8 because they do not allege basic information necessary to identify the "thousands" of claims in dispute.

Even if they had objected, they would still need to replead. Indeed, Labs' failure even to identify the claims underlying their complaint is inexcusable and contrary to the most basic tenets of civil litigation. Labs' "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. They must set forth facts that make their legal claims plausible, and plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Facts that merely make a claim conceivable but fail "to nudge their claims across the line from conceivable to plausible" fails to satisfy Rule 8's standard for notice pleading because it does not show "that the pleader is entitled to relief." *Twombly,* 550 U.S. at 570; *Iqbal*, 556 U.S. at 679 (quoting Rule 8).

Here, the "crux of this controversy" is Labs' assertion that United has not properly paid them "millions of dollars" on thousands of separate and *unidentified* claims for benefits for *unidentified* plan members under various, *unidentified* health plans. There is no common contract in dispute because Labs are out of network. Rather, the FAC is founded on thousands of unidentified, separate and distinct contracts without any hint that there is anything other than Labs' aggregation of separate, alleged (but *unidentified*) assignments of benefits from patients holding the claims together as a single case. In such cases, basic information like plan member

names and identification numbers, plan or policy names and/or numbers, dates of service, and associated charges are necessary to adequately identify the claims in dispute so that United can frame an appropriate responsive pleading.[2] Accordingly, even if Labs had objected, they must still replead such basic information to comply with Rule 8.

### 3.   Labs must identify the plan terms United allegedly breached.

With regard to Rule 8, Labs objected only to Judge Farrer's conclusion that their failure to identify the plan terms United allegedly breached was another deficiency that requires them to replead. [*See* R&R at 8-9.] Labs do not dispute that benefits are "limited to those specified in the ERISA plan[s]," which in turn requires an ERISA benefits claim to include "enough facts about an ERISA plan's provisions to make … [the benefits] claim plausible and give the defendant notice as to which provisions it allegedly breached."[3] [R&R at 8 (quotations and internal citations omitted).] Rather, Labs argue in conclusory fashion that ambiguous references in the FAC to medical necessity, covered services, or distinctions in plans between in-network and out-of-network benefits (all of which are untethered to any specific benefits plan) give United and the Court notice of what is disputed in this case.

---

[2] *Encompass*, 2012 WL 3030376, at *8 (finding complaint sufficient because it, "together with the information attached to its pleadings **regarding specific patients, services, and health care plans**, is sufficient at this stage"); *Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Texas*, No. 3:13-CV-2920-L, 2015 WL 4992964, at *4 n.3 (N.D. Tex. Aug. 21, 2015) (discussing *Encompass*, noting: "The table that the plaintiff used in *Encompass* included **patients' names, policy numbers, group numbers, dates of service, and cost of services**," which taken together with its other allegations was sufficient to satisfy Rule 8); *see also Texas Gen. Hosp., LP v. United Healthcare Servs., I*nc., No. 3:15-CV-02096-M, 2016 WL 3541828, at *1 (N.D. Tex. June 28, 2016) (hospital identified 1,969 specific claims at issue).

[3] If the allegedly violated term is allegedly uniform to all of the underlying plans and is the singular term allegedly breached in all of the underlying claim decisions, our circuit permits a provider (under certain circumstances) to set forth "representative plan provisions" rather than setting out the plan term at issue for each separate claim. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc*., 892 F.3d 719, 729 (5th Cir. 2018).

---

But Judge Farrer explained why the mere mention of "covered services" or "medical necessity" is insufficient. [R&R at 8-9.] Labs do not explain why he was incorrect. Moreover, there is nothing in the FAC indicating how United allegedly misapplied these terms such that the subject claim decisions (whatever they may be, which is impossible to know based on Labs' FAC) were incorrect. For example, Labs do not allege that claims were improperly processed at an in-network rate rather than an out-of-network reimbursement rate (or vice versa) in violation of any plan's terms. They do not identify even a single claim for benefits where the challenge is based on plan terms making these distinctions. Similarly, they do not allege that any claim was wrongfully denied or underpaid based on a medical necessity determination. The FAC thus gives no notice of the terms United allegedly violated on even a single claim, much less all of them.

For all of these reasons, the Court should adopt the R&R and require Labs to amend and to replead in order to satisfy Rule 8, including identification of the subject plan members, plans, plan terms at issue, and how United allegedly violated those plan terms such that Labs have a plausible claim for payment of additional benefits on each claim.[4]

**D.     COUNTS TWO, THREE, AND FOUR MUST BE DISMISSED**

**1.     No objection: Dismiss the breach of fiduciary duty claim under § 1132(a)(3).**

Labs do not object to the recommendation to dismiss the breach of fiduciary duty claim (Count Two). [*See* R&R at 10-11.] As the Fifth Circuit recently made clear, a provider cannot simultaneously assert a claim for benefits under 29 U.S.C. § 1132(a)(1)(b) and a breach of fiduciary duty claim under ERISA's catch-all cause of action for "other equitable relief" under §

_____

[4] Labs blamed HIPAA for their failure to identify plan members and claim information. But they did not object to Judge Farrer's recommendation that they cannot hide behind HIPAA in order to obfuscate which plan members, plans, and claims are in dispute and why. [*See* R&R at 9-10.] They may, of course, seek leave to file such information under seal and to provide it to United subject to a standard order to protect confidentiality. *See id.*

1132(a)(3) when "the essence of its complaint is that the Insurers failed to reimburse the [medical provider] under the terms of various plans." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) ("*Innova*"). The Fifth Circuit reached this result because, in such cases, the medical provider has "an adequate mechanism for redress under § 1132(a)(1)(B) and thus may not simultaneously plead claims under § 1132(a)(c)." *Id*. Accordingly, the breach of fiduciary duty claim must be dismissed.

2.       **The full and fair review claim, actionable if at all only under § 1132(a)(3), <u>must be dismissed for the same reasons as the breach of fiduciary duty claim</u>.**

Labs object to Judge Farrer's conclusion that *Innova* also requires dismissal of their claim for "full and fair review" (Count Three), which they assert under § 1132(a)(3). [ECF No. 47 at 6.] In essence, Labs contend United failed to comply with the plans' internal appeals procedures. [*Id*.] They argue that United's alleged failure to abide by internal claims appeal procedures is distinct from United's decision to deny their claims for benefits in the first place. The Court should overrule their objections for four reasons.

First, there is no separate cause of action for "full and fair review" under 29 U.S.C. § 1133. *See, e.g., Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).

Second, to the extent a plan's failure to comply with claims and administrative appeals requirements to conduct a "full and fair review" is actionable at all, it is through ERISA's "catchall" provision under § 1132(a)(3). As set forth above, relief under § 1132(a)(3) is not available in cases where a medical provider is essentially seeking to be paid, or to be paid more, under the terms of various plans. *Innova,* 892 F.3d at 734.  In such cases, § 1132(a)(1)(B) provides the sole avenue for redress.

Third, a completely successful appeal would result only in payment of the claim. Labs do not explain how the harm they suffered from any alleged failure to provide an appeal is separate

from the underlying denial of benefits or why, as articulated in *Innova*, a claim for benefits under § 1132(a)(1)(B) does not adequately address such issues.

Fourth, there is no allegation anywhere in the FAC that Labs ever appealed any benefit decision (which is not surprising given that the FAC does not identify a single benefit claim at issue in the first place). Absent any allegation of an appeal, Labs cannot maintain a cause of action for United's alleged failure to provide an appeal.

In sum, Count Three, for relief under § 1132(a)(3) for failure to provide full and fair review required by § 1133, must be dismissed.

### 3.   Labs do not object to being ordered to replead Count Four, which should be dismissed in any event for the same reasons as Counts Two and Three.

Judge Farrer separately concluded that there were insufficient facts to support Count Four, violations of Department of Labor ("DOL") rules for claims and appeals procedures. [R&R at 12.] Labs did not object to having to replead. At a minimum, the Court should adopt the R&R and require Labs to replead Count Four to supply the underlying factual allegations.

However, Labs object to Judge Farrer's observation that this claim may be infirm for the same reasons as the breach of fiduciary duty and full and fair review claims (Counts Two and Three) discussed above. As with the full and fair review claim, there is no independent cause of action for alleged violations of the DOL rules. *See Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *6 (D.N.J. May 18, 2016 (dismissing a claim for failure to maintain and apply reasonable claims procedures under DOL rules, 29 C.F.R. § 2560.503-1). If such violations are actionable at all, they are only by virtue of ERISA's "catch-all" provision for other equitable relief, § 1132(a)(3). For the reasons set forth above, the Fifth Circuit's holding in *Innova* precludes such separate claims where, as here, the dispute is essentially over the payment of benefits under various plans, which is actionable solely through § 1132(a)(1)(B). Accordingly,

the Court should dismiss Count Four for the same reasons as Counts Two and Three.

**E.     THE DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE AND MUST BE DISMISSED**

Judge Farrer recommended dismissal of the declaratory judgment claim as duplicative of Labs' other causes of action. Labs object and argue they seek separate declaratory relief from their claims seeking payment of benefits because they were denied access to administrative remedies. But failure to exhaust administrative remedies is an affirmative defense to a benefits claim. *Crowell v. Shell Oil Co*., 541 F.3d 295, 308–09 (5th Cir. 2008) (failure to exhaust is a defense). Whether such administrative remedies were denied them so as to be futile or deemed exhausted is simply an exception to that defense. *Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corp*s., 215 F.3d 475, 480 (5th Cir. 2000) (explaining that futility is an exception to the affirmative defense of failure to exhaust). All told, Labs have not identified any issue on which they seek declaratory relief that will not be decided by other causes of action. The Court should therefore adopt the R&R and dismiss this duplicative claim (Count Seven).[5]

**III.  CONCLUSION & REQUESTED RELIEF**

The Court should overrule Labs' objections to the R&R and order them to replead to establish standing and comply with Rule 8, including information to identify the underlying claims for benefits (plan member names and identification numbers, health plan names/numbers, dates of service, billed charges, claim numbers, and plan terms violated for each claim). Lastly, the Court should dismiss Counts Two, Three, Four, and Seven without leave to replead.

---

[5] *See Regus Mgmt. Group, LLC v. Int'l Bus. Machine Corp*., No. 3:07-cv-1799-B, 2008 WL 2434245, at \*2 (N.D. Tex. June 17, 2008) (observing that "courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit," citing authorities); *see also Pinela-Navarro v. BAC Home Loans Servicing LP*, No. EP-11-CV-131-PRM, 2011 WL 3666586, at \*2 (W.D. Tex. July 29, 2011) (dismissing declaratory judgment claim because no underlying substantive claims remained on which to base the requested relief).

Dated: October 2, 2018     Respectfully submitted,

             **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

             By:  /s/ Raymond E. Walker
               Stephen W. Mooney
               smooney@wwhgd.com
               Texas Bar No. 14319100
               3344 Peachtree Road, NE, Suite 2400
               Atlanta, Georgia 30326
               Telephone: 404-876-2700
               Facsimile: 404-875-9433

               and

               Andrew G. Jubinsky
               Texas Bar No. 11043000
               andy.jubinsky@figdav.com
               Raymond E. Walker
               Texas Bar No. 24037663
               ray.walker@figdav.com

             **FIGARI + DAVENPORT, LLP**
             901 Main Street, Suite 3400
             Dallas, Texas 75202
             Telephone: (214) 939-2000
             Facsimile: (214) 939-2090

             ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on October 2, 2018.

David W. Navarro
David Jed Williams
Hornberger Fuller & Garza Incorporated
7373 Broadway, Suite 300
San Antonio, Texas 78209
*Attorney for Plaintiffs*

             /s/Raymond E. Walker
             Raymond E. Walker