IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKY TOXICOLOGY, LTD., *et al.*, | § | |
| | § | |
| Plaintiffs, Counterclaim-Defendants, | § | |
| | § | |
| v. | § | Civil Action No. 5:16-cv-1094 |
| | § | |
| UNITEDHEALTHCARE INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants, Counterclaim-Plaintiffs. | § | |

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

---

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

Stephen W. Mooney
smooney@wwhgd.com
Texas Bar No. 14319100
3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433

and

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Raymond E. Walker
Texas Bar No. 24037663
ray.walker@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Attorneys for Defendants/
Counterclaim Plaintiffs*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT & AUTHORITIES .......................................................................2

        A.      Standard .....................................................................................................2

        B.      Labs Still Have not Identified a Single Plan, Patient, Date
                of Service, or the Plan Term in Dispute......................................................5

        C.      Count Two: No Claim for Violations of 29 C.F.R. § 2560.503-1 .............8

III.    CONCLUSION & REQUESTED RELIEF.........................................................9

# **TABLE OF AUTHORITIES**

Cases                                                                                              Page(s)

*Asad v. Providian Bank, N.A.*,
    234 F. App'x 511 (9th Cir. 2007) ............................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ......................................................................3

*Askanase v. Fatjo*,
    No. A.H-91-3140, 1996 WL 33373364 (S.D. Tex. Apr. 1, 1996) ............4

*Beanal v. Freeport-McMoran, Inc.*,
    No. CIV. A. 96-1474, 1998 WL 92246 (E.D. La. Mar. 3, 1998), *aff'd*, 197
    F.3d 161 (5th Cir. 1999) ........................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................2, 3

*Crisler v. Sedgwick Cty., Kan.*,
    490 F. App'x 983 (10th Cir. 2012) .......................................................4

*Crisler v. Sedgwick Cty., Kan.*,
    No. 11-1201-RDR, 2012 WL 12949714 (D. Kan. Jan. 10, 2012), *aff'd* 490 F.
    App'x 983 (10th Cir. 2012) ...................................................................4

*Drzala v. Horizon Blue Cross Blue Shield*,
    No. 15-8392, 2016 WL 2932545 (D.N.J. May 18, 2016) ........................8

*Edwards v. Wisconsin Pharmacal Co., LLC*,
    No. 3:13-CV-143-TCB, 2014 WL 12481340 (N.D. Ga. Apr. 22, 2014) .................3

*Giles v. Wal-Mart Distribution Ctr.*,
    359 F. App'x 91 (11th Cir. 2009) .........................................................4

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*,
    892 F.3d 719 (5th Cir. 2018) ..........................................................3, 6, 9

*McHenry v. Renne*,
    84 F.3d 1172, 1179 (9th Cir. 1996) .......................................................4

*Nlemchi v. Bank of Am.*,
    No. 4:08-CV-03537, 2009 WL 10693828 (S.D. Tex. July 13, 2009) ......4

*Pardee v. Moses*,
    605 F.2d 865 (5th Cir. 1979) ................................................................5

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)........................................................................................3

**Statutes and Other Authorities**

29 C.F.R. § 2560.503-1..................................................................................2, 8, 9

29 U.S.C. § 1001, *et seq.* (ERISA) ..........................................................1, 3, 8, 9

29 U.S.C. § 1132(a)(3)..........................................................................................9

Fed. R. Civ. P. 41.................................................................................................4

Fed. R. Civ. P. 8....................................................................................1, 2, 3, 4, 5

Fed. Prac. & Proc. Civ. § 1379 ........................................................................4, 5

# I. __INTRODUCTION__[1]

As set forth in United's counterclaim, this dispute arises from Labs' illegal kickback scheme in connection with claims for benefits. Labs perpetrated a massive fraud on United whereby they paid physicians for unnecessary lab-test orders for members of United health plans and then submitted fraudulent claims for benefits to United. The kickback scheme fleeced United plans for $56 million. Some of the scheme's participants are already in jail. After United uncovered the fraud, Labs tried to go on the offensive by filing this lawsuit, claiming United underpaid them on thousands of claims for benefits. Indeed, although Labs attempt to engage in creative pleading, each cause of action in Labs' First Amended Complaint ("FAC") is based on United's allegedly wrongful underpayment of claims for benefits.

United moved to dismiss all counts in the FAC or for a more definite statement. This Court dismissed Labs' claims for breach of fiduciary duty, denial of full and fair review, and declaratory relief without leave to replead because each claim suffered from legal infirmities that could not be cured. [ECF No. 45 at 10-12, 14 ("Order"); 56 at 2.] In addition, because Labs did not identify the underlying plans or disputed claims for benefits that purportedly undergird the rest of their causes of action, let alone facts showing United's denials violated any plan terms or which ones, this Court ordered Labs to provide a more definite statement demonstrating standing and otherwise satisfying Rule 8(a) obligations with regard to all of the remaining counts in the FAC, namely the claims for ERISA benefits, for allegedly violating ERISA claim procedure regulations, and parallel state law claims for quantum meruit and violations of the Texas Insurance Code.

In their Second Amended Complaint ("SAC"), Labs now allege that they obtained an

---

[1] Terms defined in United's Motion to Dismiss Labs' First Amended Complaint [ECF No. 11] are used with the same meaning herein.

assignment of benefits from the plan member for each and every disputed claim for benefits. United concedes that, for pleading purposes, this new allegation likely serves to demonstrate standing to overcome a Rule 12 motion.  However, the allegations in the SAC still do not otherwise satisfy Rule 8(a)'s threshold for stating a claim, and certainly do not provide the notice required by the Court's Rule 12(e) order for a more definite statement. Specifically, in the SAC, Labs still do not identify *a single health plan, patient, date of service, or any of the underlying claims for benefits in dispute*. Nor do they identify the types of denials in dispute, let alone facts showing that United breached any plan terms (or which ones) in reaching these benefits decisions. Because all of the Labs' causes of action are purportedly based on these underlying plans and disputed claims for benefits, all of their causes of action fail to satisfy Rule 8(a), rendering the entire SAC defective. Independent of the foregoing, Labs' claim in Count Two of the SAC (violation of 29 C.F.R. § 2560.503-1) is barred by controlling Fifth Circuit authority and therefore fails to state a claim.

As more fully set forth below, the Court should dismiss the SAC in its entirety under Rules 12(b)(6) and/or 12(e). Alternatively, if the Court is inclined to grant Labs yet another opportunity to cure their pleading deficiencies, the Court should renew its order under Rule 12(e) requiring Labs to cure its deficiencies and dismiss Count Two for failure to state a claim under Rule 12(b)(6) without leave to replead.

## II. <u>ARGUMENT & AUTHORITIES</u>

### A. <u>S</u>TANDARD

As a starting point, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level" (*Id.*),

meaning that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleading facts that merely make a claim conceivable but fail "to nudge their claims across the line from conceivable to plausible" does not satisfy *Twombly* and warrants dismissal. *Twombly*, 550 U.S. at 570. Accordingly, to satisfy Rule 8(a) and to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

The Fifth Circuit does not view pleading as a mere formality to begin a fishing expedition: "This is not to say that plaintiffs need not exercise due diligence in pleading factual information in ERISA contexts…. Our holding today is no license to fish." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc*., 892 F.3d 719, 730 (5th Cir. 2018). Indeed, "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, and the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Edwards v. Wisconsin Pharmacal Co., LLC*, No. 3:13-CV-143-TCB, 2014 WL 12481340, at *2 (N.D. Ga. Apr. 22, 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll*., 77 F.3d 364, 367 (11th Cir. 1996)).

As the Supreme Court has observed, "[i]f a pleading fails to specify the allegation that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002); *see also Twombly*, at 544, n. 9 (in dissent) (Rule 12(e)'s remedies are appropriate to ensure "sufficient specificity to provide adequate notice"). Rule 12(e) provides in relevant part:

> If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

When a party fails to comply with the Court's prior order for a more definite statement, the Court may strike or dismiss the party's pleading. Fed. R. Civ. P. 12(e); *Asad v. Providian Bank, N.A.*, 234 F. App'x 511 (9th Cir. 2007) ("[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated," quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)); *see also* Fed. R. Civ. P. 41(b), (c) (involuntary dismissal may result from failure to obey the Court's order); *Crisler v. Sedgwick Cty., Kan.*, No. 11-1201-RDR, 2012 WL 12949714, at *2 (D. Kan. Jan. 10, 2012) (dismissing claims under Rule 41(b)), *aff'd* 490 F. App'x 983 (10th Cir. 2012).

Federal courts routinely enforce Rule 12(e) orders by dismissing the claims of non-compliant parties.[2] *See, e.g., Nlemchi v. Bank of Am.*, No. 4:08-CV-03537, 2009 WL 10693828, at *2 (S.D. Tex. July 13, 2009) (Ellison, J.) (dismissing claims for failure to comply with Rule 12(e) order); *Askanase v. Fatjo*, No. A.H-91-3140, 1996 WL 33373364, at *25 (S.D. Tex. Apr. 1, 1996) (same). And appellate courts uphold such dismissals. *Crisler v. Sedgwick Cty., Kan.*, 490 F. App'x 983, 985 (10th Cir. 2012) (upholding dismissal for failure to provide a "clear, concise articulation" of their basis for jurisdiction and relief in response to a Rule 12(e) order); *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (upholding dismissal under Rule 12(e) where the district court issued guidance on how to cure deficiencies in the complaint and ordered a more definite statement, but the plaintiff did not comply).

---

[2] At a minimum, a court should "renew its order for a more definite statement or order the pleading stricken or the action dismissed unless compliance is forthcoming within a stated period." Wright & Miller, Motion for a More Definite Statement—Compliance and Enforcement of Order, 5C Fed. Prac. & Proc. Civ. § 1379 (3d ed.) ("Wright & Miller").

In the Fifth Circuit, automatic dismissal of a pleading that fails to comply with a Rule 12(e) order is often deferred for another chance *if* there was a good faith attempt by the party to comply with it in the first place. *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979). In such cases, courts generally renew their order for a more definite statement and caution the party that further failure to comply will result in dismissal with prejudice. Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1379 (3d ed.). Although striking a pleading under Rule 12(e) is typically a last resort, *Beanal v. Freeport-McMoran, Inc.*, No. CIV. A. 96-1474, 1998 WL 92246, at *3 (E.D. La. Mar. 3, 1998), *aff'd*, 197 F.3d 161 (5th Cir. 1999) (citing *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979), the Court may strike a pleading without leave to replead under Rule 12(e) "if the judge is satisfied that the pleader cannot *or* will not correct the defects of the pleading." *Id*. (quoting Wright & Miller § 1379).

## B.   LABS STILL HAVE NOT IDENTIFIED A SINGLE PLAN, PATIENT, DATE OF SERVICE, OR THE PLAN TERM IN DISPUTE

United challenged all of the causes of action in the FAC because Labs did not identify a single underlying plan, patient, or date of service for the claims for benefits in dispute – leaving both United and the Court to guess as to the nature and scope of Labs' claims. The Court agreed, ruling that Labs did not satisfy Rule 8(a) because they did not give United notice of which claims for benefits are in dispute. [Order at 7]. General averments that United failed to "properly" pay Labs "millions of dollars" on "thousands of claims" for medically necessary urinalysis testing are insufficient and fall far short of providing the details necessary for United to defend against the sweeping allegations. [*Id*.]

United also challenged Labs' failure to set forth a plausible claim for benefits because they did not identify any plan term that was allegedly violated. United is entitled to notice of which term it allegedly breached, and Labs must include "enough other factual allegations in the

complaint to allow a court to draw a reasonable inference that [United] was liable for the misconduct alleged." [Order at 8.] The Court ruled that the FAC was wholly lacking in this regard. Further, the Court recognized that Labs' "scant assertions" that its claims were for "covered services" or were "medically necessary" did not show an entitlement to relief. [*Id*. at 8-9.]

Unfortunately, the SAC remains deficient for three independent reasons.

First, Labs have not identified the plan terms in dispute; rather, they offer several variants of the same blanket assertions they made before. Take for example SAC ¶ 84, which lists plan terms that United supposedly violated, including, "plan coverage for laboratory testing," "plan coverage for diagnostic testing," "plan coverage for facility laboratory testing benefits," "plan coverage for essential benefits," "plan coverage for essential benefits—laboratory testing…" and so on. In summing up the list, they allege in the very next paragraph that United "wrongfully classified [their] claims as not covered and/or not medically necessary". [SAC ¶ 85.] In other words, Labs took their "scant" blanket assertions about providing "medically necessary" and "covered services" from the FAC and rehashed them in the SAC with different variants.[3] Labs did not provide a more definite statement as ordered, and the SAC remains defective.

Second, and more importantly, nothing in the SAC sets out facts plausibly showing United might be liable to pay additional benefits. Labs do not state the denial reasons United

---

[3] If the allegedly violated term is uniform to all of the underlying plans and is the singular term allegedly breached in all of the underlying claim decisions, our circuit permits a provider (under certain circumstances) to set forth "representative plan provisions" rather than setting out the plan term at issue for each separate claim. *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 729. But here, Labs allege claims were denied **either** for failing to meet the plans' medical necessity requirement **or** being otherwise "classified" as not being "covered services." [SAC ¶ 85.] It is therefore insufficient to provide merely representative plan provisions. United is entitled to know which plan term was allegedly violated with respect to each (as yet unidentified) claim for benefits in dispute and why.

supposedly gave on these (as yet unidentified) claims, let alone why the denials were incorrect or failed to comply with the plan terms.

For example, if United denied a claim because the service was rendered after a patient's coverage terminated, it hardly matters that the plan otherwise provided coverage for lab services. If Labs challenged the decision that the coverage had already terminated, that might at least state a claim; but simply alleging that the plan generally covers lab services does not give any notice as to why the service at issue satisfied the termination provision of the plan, much less challenge the actual basis of United's benefits decision. By vaguely asserting that United determined the claims were "not covered *and/or* not medically necessary," Labs again rely on conclusory assertions, depriving United of notice of which of its decisions are being challenged and why. Moreover, just like in the FAC, Labs fail to set forth facts showing any claim against United is plausible.

Third, Labs have again failed to provide the details necessary to allow United to defend against sweeping allegations regarding an untold number of underlying health plans and benefits decisions under the terms of each of those plans. Instead, the SAC contains the same general allegations as before, adding (in equally vague fashion) that United began suspecting them of fraud and denying claims "in 2015." But again, Labs have not identified (or provided a spreadsheet of the claims in dispute listing the identity of) plans, patients, dates of service, the plan term(s) in dispute that were allegedly breached (and how each was breached with regard to each claim in dispute), why the service at issue satisfied the plan term(s), and, to the extent any claims were allegedly underpaid (as opposed to denied), explained how payment should have occurred (collectively, the "Deficiencies"). *See* Order at 8-9. Labs do not survive dismissal (let alone comply with an order for more definite statement) by standing on vague allegations that

would make United "go on a fact-gathering mission of its own to decipher [their] claims." [Order at 7 (quotations and citations omitted).]

Just like the FAC, all Labs' causes of action in the SAC are based on United's alleged claim decisions under the plans, whether based on ERISA or state law. Accordingly, the SAC's Deficiencies deprive United of notice of the underlying factual bases for all four causes of action in the SAC, regardless of whether they are asserted under state law or ERISA.[4]

Since Labs have essentially chosen to stand on their pleadings, the Court should strike or dismiss the SAC in its entirety without leave to replead. Alternatively, if the Court finds just reason to grant Labs another opportunity to cure the Deficiencies, the Court should renew its order requiring a more definite statement along with notice that further refusal or failure to provide a more definite statement and cure the Deficiencies will result in dismissal.

## C.    COUNT TWO: NO CLAIM FOR VIOLATIONS OF 29 C.F.R. § 2560.503-1

In Count Two of the SAC, Labs assert a claim for violation of 29 C.F.R. § 2560.503-1, which was Count Four in the FAC. United initially moved to dismiss this claim because breach of these provisions pertaining to handling claims and appeals does not give rise to a private cause of action and because Labs set forth no factual basis for the claim.[5] The Court ruled Labs' conclusory allegations were insufficient. [Order at 12.] However, the Court also noted that the claim might be duplicative of a claim for benefits and therefore subject to dismissal for the same

---

[4] Indeed, Labs incorporate all the same allegations into their state law causes of action. [*See, e.g.,* SAC ¶¶ 94-95, 104-105.] They purport to assert the state law causes of action only conditionally, asserting that they are brought only if they cannot enforce the plan members' rights under their health plans and (according to Labs) ERISA preemption might not apply. United cannot defend against these claims without Labs curing the Deficiencies inasmuch as the type of plan and its terms impact whether ERISA applies in the first place, as well as whether third-parties (like Labs) are entitled to seek benefits under the plans.

[5] ECF No. 11 at 9-10. *See Drzala v. Horizon Blue Cross Blue Shield*, No. 15-8392, 2016 WL 2932545, at *6 (D.N.J. May 18, 2016) (dismissing a claim for failure to maintain and apply reasonable claims procedures under DOL rules, 29 C.F.R. § 2560.503-1).

reasons that the Court dismissed the claims for breach of fiduciary duty and for full and fair review. [*Id.*]

If violations of 29 C.F.R. § 2560.503-1 are actionable at all, they are only actionable by virtue of ERISA's "catch-all" provision for other equitable relief, § 1132(a)(3). Indeed, Labs cite this provision as the basis for Count Two. [SAC ¶ 90.]   However, controlling Fifth Circuit authority bars such separate claims where, as here, the dispute is essentially over the payment of benefits under various plans, which is actionable ***solely*** through § 1132(a)(1)(B). *Innova Hosp. San Antonio,* 892 F.3d at 734 (barring claims brought under § 1132(a)(3) in addition to an ERISA benefits claim where "the essence of its complaint is that the Insurers failed to reimburse the [medical provider] under the terms of various plans"). Accordingly, for this independent reason, Count Two should be dismissed without leave to replead.

### III.  <u>CONCLUSION & REQUESTED RELIEF</u>

For these reasons, United seeks dismissal of the SAC in its entirety. Alternatively, if the Court renews its order for a more definite statement to cure the Deficiencies, the Court should nonetheless dismiss Count Two without leave to replead because controlling Fifth Circuit authority bars its assertion here.

Dated: January 22, 2019                  Respectfully submitted,

                                         **WEINBERG, WHEELER, HUDGINS,
                                         GUNN & DIAL, LLC**

                                         By:  /s/ Raymond E. Walker
                                             Stephen W. Mooney
                                             smooney@wwhgd.com
                                             Texas Bar No. 14319100
                                             3344 Peachtree Road, NE, Suite 2400
                                             Atlanta, Georgia 30326
                                             Telephone: 404-876-2700
                                             Facsimile: 404-875-9433

                                             and

                                             Andrew G. Jubinsky
                                             Texas Bar No. 11043000
                                             andy.jubinsky@figdav.com
                                             Raymond E. Walker
                                             Texas Bar No. 24037663
                                             ray.walker@figdav.com

                                         FIGARI + DAVENPORT, LLP
                                         901 Main Street, Suite 3400
                                         Dallas, Texas 75202
                                         Telephone: (214) 939-2000
                                         Facsimile: (214) 939-2090

                                         ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served
on the parties listed below on January 22, 2019.

David W. Navarro
David Jed Williams
Hornberger Fuller & Garza Incorporated
7373 Broadway, Suite 300
San Antonio, Texas 78209
*Attorney for Plaintiffs*

                                         /s/ Raymond E. Walker
                                         Raymond E. Walker