IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SKY TOXICOLOGY, LTD., SKY
TOXICOLOGY LAB MANAGEMENT, LLC,
FRONTIER TOXICOLOGY, LTD., FT LAB
MANAGEMENT, LLC, HILL COUNTRY
TOXICOLOGY, LTD., ECLIPSE
TOXICOLOGY, LTD., ECLIPSE
TOXICOLOGY LAB MANAGEMENT, LLC,
AND AXIS DIAGNOSTICS, INC.,

    Plaintiffs, Counterclaim-Defendants,

VS.                                                                                               Civil Action No. 5:16-cv-1094

UNITEDHEALTHCARE INSURANCE
COMPANY, UNITEDHEALTHCARE OF
FLORIDA, INC., UNITEDHEALTHCARE
OF TEXAS, INC., AND
UNITEDHEALTHCARE SERVICES, INC.,

    Defendants, Counterclaim-Plaintiffs.

### COUNTERCLAIM-PLAINTIFFS' RESPONSE TO COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS AMENDED COUNTERCLAIMS

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

Stephen W. Mooney
smooney@wwhgd.com
Texas Bar No. 14319100
3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433

and

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Raymond E. Walker
Texas Bar No. 24037663
ray.walker@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Attorneys for Defendants/ Counterclaim-Plaintiffs*

## I. INTRODUCTION

On January 24, 2019, United timely filed Amended Counterclaims, pursuant to its stipulation with the Counterclaim-Defendants (the "Labs") allowing it to amend its causes of action within 30 days of a decision on the Labs' original motion to dismiss. [*See* ECF No. 10]. United's Amended Counterclaims [ECF No. 60] specifically address the Court's concerns with United's tortious interference cause of action by pleading facts showing that Frontier Toxicology and Hill Country Toxicology knew, or reasonably should have known, that the providers they allegedly targeted had network agreements with United. Specifically, United alleges that Frontier and Hill Country targeted providers *because of* the providers' contractual relationships with United, which Frontier and Hill Country believed would result in more laboratory test orders for United members, which they viewed as particularly lucrative. The Labs' Motion to Dismiss is legally insufficient and should be denied.

## II. ARGUMENT

### A.  United's Amended Counterclaims were properly filed.

The Labs contend that United's Amended Counterclaims were "inappropriately and untimely filed." [ECF No. 62 at 4.] The Labs offer two (somewhat contradictory) arguments in support of their contention. First, they assert that United's motion to dismiss the Plaintiffs' Second Amended Complaint should be "fully briefed and ruled on by the Court prior to United's filing an answer and counterclaims." [*Id*.] But the Labs do not identify any rule that requires a party to wait until their motion to dismiss has been decided before filing counterclaims. Indeed, no such rule exists. Second, the Labs assert that "United should have filed its Answer & Counterclaims simultaneously with its Motion to Dismiss so that it would not have answered the Labs' allegations after already requesting their dismissal." Again, the Labs do not identify any rule to support their argument. Indeed, the plain language of Rule 12(b) states that "[a] motion

asserting any of these [Rule 12(b)] defenses must be made *before pleading* if a responsive pleading is allowed." (emphasis added). Once a Rule 12(b) motion has been filed, a pleading (*i.e.*, an answer) can be filed at any time without waiving the Rule 12(b) defenses. Here, United filed its Rule 12(b) motion to dismiss and *then* filed a pleading (the Amended Answer and Counterclaims), as contemplated by the Federal Rules.

Regardless, Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent[.]" The parties stipulated "that United will have thirty (30) days to amend their counterclaims from the date that the Court rules on [the Labs'] Motion to Dismiss, but only as to counterclaims that were not dismissed with prejudice." [ECF No. 10.] The Court ruled on the Labs' original motion to dismiss on December 27, 2018, denying the Labs' motion as to all but one of United's claims and granting United leave to amend its claim for tortious interference. United, pursuant to its stipulation with the Labs, filed its Amended Counterclaims within 30 days (on January 24, 2019). As such, United's Amended Counterclaims were properly and timely filed and the Labs' argument should be denied.

B.  **United's allegations state a plausible claim for tortious interference by describing Frontier and Hill Country's knowledge of medical providers' contractual relations with United.**

The Labs' argument concerning the sufficiency of United's tortious interference claim is copied, nearly verbatim, from the Labs' original motion to dismiss and does not take into account any of the additional allegations in United's Amended Counterclaims. United's new allegations completely address the Court's concerns with United's tortious interference cause of action by explaining how and why Frontier and Hill Country's interference was willful and intentional.

---

The Magistrate Judge's Report and Recommendation determined that United did not sufficiently allege a plausible allegation that the act of interference is willful or intentional. To show a willful or intentional act of interference, "the interfering party must have actual knowledge of the contract or business relation in question, or knowledge of facts and circumstances that would lead a reasonable person to believe in the existence of the contract or business relationship." [ECF No. 44 at 19 (citing *Amigo Broad., LP v. Spanish Broad. Sys., Inc.,* 521 F.3d 472, 490 (5th Cir. 2008).] The Magistrate Judge found United's original tortious interference claim lacking because it did not include facts "suggesting that Frontier and Hill Country knew that the providers *they allegedly targeted* entered into network agreement with United." [ECF No. 44.] In adopting the Magistrate Judge's Report and Recommendation, the Court granted United leave to amend the tortious interference claim. [ECF No. 55.]

United's Amended Counterclaims allege that Frontier and Hill Country knew or reasonably should have known that their referring providers had network agreements with United, and explain why Frontier and Hill Country specifically targeted these providers:

> Medical providers who have Network Agreements with UHC have patients who are members of UHC plans. Frontier and HCT desired referrals of UHC members' specimens, because UHC plans typically paid higher amounts than some other commercial payors . . . . Before medical providers were offered the opportunity to purchase the Frontier or HCT limited partnership shares through which they received the kickbacks, they discussed their "payor mix" and network status with private insurance companies . . . . Frontier and HCT sought out medical providers with 'payor mixes' that included UHC members and medical providers who had network contracts with UHC.

[ECF No. 60 at ¶ 398.]

Targeting providers specifically because of their contract status with United demonstrates Frontier and Hill Country's knowledge of the agreements with which United alleges they were interfering. United's Amended Counterclaims also add allegations about how Frontier and Hill

Country caused United's network providers to breach their contracts. *See, e.g.*, ECF No. 60 at ¶¶ 50-54, 397, 398. These allegations are sufficient to state a plausible claim for tortious interference.

### III. CONCLUSION & REQUESTED RELIEF

Because United's Amended Counterclaims were properly and timely pled and the additional allegations concerning Frontier and Hill Country's knowledge of medical provider's contractual relationships with United make United's tortious interference claim plausible on its face, the Court should DENY the Labs' Motion to Dismiss United's Amended Counterclaims.

Respectfully Submitted, this 21st day of February, 2019.

By: /s/ *Stephen W. Mooney*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
Stephen W. Mooney
smooney@wwhgd.com
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700
Facsimile: 404-875-9433

and

**FIGARI + DAVENPORT, LLP**
Andrew G. Jubinsky
andy.jubinsky@figdav.com
Raymond E. Walker
ray.walker@figdav.com
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

*Attorneys for United*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on February 21, 2019.

David W. Navarro
David Jed Williams
HORNBERGER FULLER & GARZA INC.
7373 Broadway, Suite 300
San Antonio, Texas 78209
*Attorneys for Labs*

/s/ Stephen W. Mooney
Stephen W. Mooney

**United's Response to Labs' Motion to Dismiss United's Amended Counterclaims**   **Page 4**